IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, a foreign insurer,<br><br>Plaintiff,<br><br>vs.<br><br>NITSI, LLC, a for profit Washington corporation; JANE DOE A, an individual.<br><br>Defendant. | No. 2:25-cv-1497<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff James River Insurance Company (James River) submits the following Complaint for Declaratory Relief.

## I.     INTRODUCTION

1.1    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. James River seeks a determination that it does not owe a duty to defend or indemnify Defendant NITSI, LLC (NITSI) for claims arising out of the action entitled *Jane Doe A, et al. v. Veer Hospitality Phoenix, LLC, et al.,* United States District Court for the Western District of Washington, Case No. 2:24-cv-01270 (the "Underlying Lawsuit").

## II.     PARTIES

2.1    Plaintiff James River is a foreign insurer organized under the laws of the State of

COMPLAINT FOR DECLARATORY RELIEF – 1
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1  Ohio with its principal place of business in the State of Virginia.

2      2.2    Defendant NITSI is a for-profit Washington corporation with its principal place
3  of business in the State of Washington.

4      2.3    Jane Doe A is a natural person who is currently a resident and citizen of Federal
5  Way, King County, Washington. Jane Doe A is the Plaintiff in the Underlying Lawsuit. Jane Doe
6  A's Complaint states as follows:

    a.    Due to the sensitive, private, and potentially retaliatory nature of these allegations, this complaint identifies Jane Doe A by a pseudonym only. Jane Doe A will move the court to proceed under a pseudonym in all filings, all public court proceedings, and to limit the disclosure of information about Jane Doe A's true identity in order to protect Jane Doe A and Jane Doe A's identity.

### III. JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2    Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves a claim for insurance coverage stemming from the alleged losses that occurred in Kent, Washington.

### IV. FACTS

**A.**    <u>The Subject Loss</u>

4.1    NITSI, LLC dba Quality Inn is the Named Insured on the James River Insurance Company Policy, policy number 00067551-0, with effective dates of July 1, 2015 through July

COMPLAINT FOR DECLARATORY RELIEF – 2
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1, 2016 (hereinafter the "James River Policy").

4.2     The James River Policy contains a $1,000,000 each occurrence limit and a $2,000,000 general aggregate limit.

4.3     On November 11, 2024, Jane Doe A filed a First Amended Complaint (FAC) in the Underlying Action, naming NITSI as a defendant and asserting causes of action for Sex Trafficking under 18 U.S.C. § 1595, Beneficiary Liability under § 1595 of the TVPRA, as well as joint and several liability.

4.4     According to the Underlying Lawsuit's FAC, Jane Doe A alleges that NITSI owned a Quality Inn hotel where Jane Doe A was trafficked.

4.5     The Underlying Lawsuit further alleges that from 2012 to 2016, Plaintiff was harbored and forced to engage in commercial sex acts for the benefit of her traffickers and NITSI.

4.6     The Underlying Lawsuit alleges that during this time frame, Plaintiff was regularly threatened, beaten, and manipulated into performing commercial sex acts at the hands of her trafficker.

4.7     The Underlying Lawsuit further alleges that NITSI had both actual and constructive knowledge of the trafficking of Plaintiff and failed to exercise reasonable care in the hiring, training, and supervision of its employees.

4.8     The Underlying Lawsuit further alleges that despite having actual or constructive knowledge of widespread and ongoing sex trafficking, NITSI continued renting rooms to traffickers, including the rooms used to sexually exploit Plaintiff and other victims.

4.9     The Underlying Lawsuit additionally alleges NITSI facilitated sex trafficking at the hotel including:

- o     Allowing inappropriate and inadequate practices for hiring, training, supervising,

COMPLAINT FOR DECLARATORY RELIEF – 3
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

|   |   |
|---|---|
| 1 | managing and disciplining front line staff regarding issues related to human trafficking; |
| 3 | o   Inadequate and inadequately enforced sex trafficking notice and training for hotel staff; |
| 5 | o   Choosing not to report known or suspected criminal activity including sex trafficking according to reasonable practices, industry standards, laws, and/or applicable franchisor policies and procedures; and |
| 8 | o   Implicitly encouraging the activities of traffickers by creating an environment where they did not need to incur the burden of taking significant steps to conceal their activities but, instead, could operate without concern for detection or interference by the hotel staff. |

**B.    Defense Under Reservation of Rights**

4.10   Upon becoming aware of the Underlying Lawsuit, James River accepted the defense of NITSI pursuant to a full reservation of rights and issued a Reservation of Rights Letter dated July 2, 2025.

**C.    Identification of the James River Policy**

4.11   James River issued a Commercial General Liability policy to NITSI, policy number 00067551-0, with effective dates of July 1, 2015 through July 1, 2016 (hereinafter the "James River Policy").

4.12   The James River Policy incepted on July 1, 2015.

4.13   The James River Policy contains a $1,000,000 each occurrence limit and a $2,000,000 general aggregate limit.

**D.    Provisions of the James River Policy**

COMPLAINT FOR DECLARATORY RELIEF – 4
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

4.14    The James River Policy contains the following insuring agreement with respect to Coverage A Bodily Injury and Property Damage Liability:

>   **SECTION I – COVERAGES**
>
>   **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
>   **1.    Insuring Agreement**
>
>   **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>   **(1)**   The amount we will pay for damages is limited as described in Section Ill – Limits Of Insurance; and
>
>   **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C.**
>
>   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments-Coverages **A** and **B.**
>
>   . . .

CG 00 01 12 07

4.15    The James River Policy contains the following relevant definition:

>   **SECTION V- DEFINITIONS**

COMPLAINT FOR DECLARATORY RELIEF – 5
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

. . .

      **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

CG 00 01 12 07

4.16   The James River Policy contains the following relevant endorsement regarding designated premises:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

COMMERCIAL EXCESS LIABILITY COVERAGE PART

**SCHEDULE**

> **Premises:**
>
> All locations listed in the "All Premises You Own, Rent or Occupy" section of the MC0001 US-0509 Commercial General Liability Declaration and any Locations added as an additional Location by endorsement to this Policy.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", or "personal and advertising injury" arising out of the ownership, maintenance or use of the premises shown in the above Schedule.

COMPLAINT FOR DECLARATORY RELIEF – 6
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

AP2008US 07-12

4.17　The Declarations Page of the James River Policy lists the premises NITSI owns, rents, or occupies as 1711 W Meeker St., Kent, WA 98032.

4.18　The James River Policy contains the following relevant exclusion to Coverage A for expected or intended injury:

> **2.　Exclusions**
>
> This insurance does not apply to:
>
> **a.　Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

CG 00 01 12 07

4.19　The James River Policy contains the following insuring agreement for Coverage B Personal and Advertising Injury Liability:

> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1.　Insuring Agreement**
>
> **a.**　We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit' seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at

COMPLAINT FOR DECLARATORY RELIEF – 7
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

our discretion, investigate any offense and settle any claim or "suit" that may result. But:

 **(1)** The amount we will pay for damages is limited as described in Section Ill – Limits Of Insurance; and

 **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments- Coverages **A** and **B.**

 **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

CG 00 01 12 07.

 4.20 The James River Policy contains the following relevant definitions:

 **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

 **a.** False arrest, detention or imprisonment;

. . .

CG 00 01 12 07.

 4.21 The James River Policy contains the following exclusion relevant to Coverage B for knowing violation of rights of another:

 **2.** **Exclusions**

This insurance does not apply to:

 **a.** **Knowing Violation Of Rights Of Another**

COMPLAINT FOR DECLARATORY RELIEF – 8
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

CG 00 01 12 07.

4.22  The James River Policy contains the following exclusion relevant to Coverage B for criminal acts:

> **d.    Criminal Acts**
>
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

CG 00 01 12 07.

4.23  The James River Policy contains the following relevant exclusion to both Coverage A and Coverage B for claim(s) in progress:

> **COMBINED POLICY EXCLUSIONS**
>
> This endorsement modifies insurance provided under the following:
>
> ALL COVERAGE PARTS
>
> The following exclusions are added to this policy:
>
> . . .
>
> **CLAIM(S) IN PROGRESS EXCLUSION**
>
> **a.**   This policy does not apply to "bodily injury", "personal and advertising injury" or "property damage'" which begins or takes place before the inception date of coverage, whether such "bodily injury", "personal and advertising injury" or "property damage'" is known to an insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury",

COMPLAINT FOR DECLARATORY RELIEF – 9
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

"personal and advertising injury" or "property damage" may be or may involve a continuous or repeated exposure to substantially the same general harm.

AP2029US 12-10

## V. THERE ARE ACTUAL AND JUSTICIABLE CONTROVERSIES

5.1 James River incorporates by reference and realleges paragraph 1.1 through 4.23 above as if fully set forth herein.

5.2 Actual and justiciable controversies exist as to whether James River owes any defense and/or indemnity coverage to NITSI under the James River Policy with respect to the claims made in the Underlying Lawsuit.

5.3 The James River Policy's Coverage A insuring agreement provides coverage for sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which insurance under the James River Policy applies.

5.4 There is an actual and justiciable controversy as to whether some or all of the claims asserted in the Underlying Lawsuit are for damages because of "bodily injury" to which insurance under the James River Policy applies.

5.5 The James River Policy's insuring agreement provides coverage for sums that the insured becomes legally obligated to pay as damages because of an "occurrence."

5.6 There are actual and justiciable controversies as to whether some or all of the claims asserted in the Underlying Lawsuit are for damages because of an "occurrence."

5.7 The James River Policy provides coverage for claims occurring during the policy period.

5.8 The James River Policy period is July 1, 2015 through July 1, 2016.

5.9 The Underlying Lawsuit Complaint alleges that the trafficking of Jane Doe A took

COMPLAINT FOR DECLARATORY RELIEF – 10
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

1    place from 2012 to 2016.

2        5.10    There are actual and justiciable controversies as to whether the Underlying Lawsuit asserts claims for injury occurring during the James River Policy period of July 1, 2015 through July 1, 2016.

    5.11    The James River Policy only provides coverage for "bodily injury" arising out of the ownership, maintenance, or use of all locations listed in the "All Premises You Own, Rent or Occupy" section of the MC0001US-0509 Commercial General Liability Declaration and any Locations added as an additional Location by endorsement to this Policy.

    5.12    The Declarations Page of the James River Policy lists the premises NITSI owns, rents, or occupies as 1711 W Meeker St., Kent, WA 98032.

    5.13    There is an actual and justiciable controversy as to whether some or all of the claims asserted in the Underlying Lawsuit are for "bodily injury" arising out of NITSI's ownership, maintenance, or use of the 1711 W Meeker St, Kent, WA 98032 location.

    5.14    The James River Policy expressly precludes coverage under the Claim(s) In Progress Exclusion for "bodily injury" which begins or takes place before the inception date of coverage, whether such "bodily injury", "personal and advertising injury" or "property damage'" is known to an insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury", "personal and advertising injury" or "property damage" may be or may involve a continuous or repeated exposure to substantially the same general harm.

    5.15    The James River Policy incepted on July 1, 2015.

    5.16    The Underlying Lawsuit alleges that the trafficking of Jane Doe A began in 2012,

COMPLAINT FOR DECLARATORY RELIEF – 11
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

prior to the inception of the James River Policy.

5.17    There are actual and justiciable controversies as to whether some or all of the claims asserted in the Underlying Lawsuit are for "bodily injury" which begins or takes place before the inception date of coverage, whether such "bodily injury", "personal and advertising injury" or "property damage'" is known to an insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury", "personal and advertising injury" or "property damage" may be or may involve a continuous or repeated exposure to substantially the same general harm.

5.18    The James River Policy expressly precludes coverage for "bodily injury" that is expected or intended from the standpoint of the insured.

5.19    The Underlying Lawsuit alleges that NITSI had both actual and constructive knowledge of the trafficking of Jane Doe A and failed to exercise reasonable care in the hiring, training, and supervision of its employees.

5.20    The Underlying Lawsuit further alleges that that despite having actual or constructive knowledge of widespread and ongoing sex trafficking, NITSI continued renting rooms to traffickers, including the rooms used to sexually exploit Jane Doe A and other victims.

5.21    There are actual and justiciable controversies as to whether some or all of the claims asserted in the Underlying Lawsuit are for "bodily injury" that is expected or intended from the standpoint of the insured.

5.22    The James River Policy provides coverage for sums an insured becomes legally obligated to pay as damages because of "personal and advertising injury."

5.23    There are actual and justiciable controversies as to whether some or all of the

COMPLAINT FOR DECLARATORY RELIEF – 12
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

claims asserted in the Underlying Lawsuit are for damages because of "personal and advertising injury."

5.24   The James River Policy expressly precludes coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

5.25   There are actual and justiciable controversies as to whether some or all of the claims asserted in the Underlying Lawsuit are for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

5.26   The James River Policy expressly precludes coverage for "personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

5.27   There are actual and justiciable controversies as to whether some or all of the claims asserted in the Underlying Lawsuit are for "personal and advertising injury" arising out of a criminal act committed by or at the direction of NITSI.

## VI.   CLAIM FOR DECLARATORY RELIEF

6.1   Pursuant to 28 U.S.C.§§ 2201 and 2202, James River seeks a judicial determination of its rights and duties under the James River Policy.

6.2   James River is entitled to a Declaratory Judgment in its favor, specifically including that it does not owe defense or indemnity coverage to NITSI for the potential claims asserted arising out of the Subject Loss and the Underlying Lawsuit.

## VII.   REQUEST FOR RELIEF

WHEREFORE, James River, having specifically alleged the foregoing, now requests the following relief:

COMPLAINT FOR DECLARATORY RELIEF – 13
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

7.1 For a determination of the rights and obligations of the parties hereto under the James River Policy.

7.2 For a judicial declaration that James River does not owe defense or indemnity coverage to NITSI for claims arising out of the Subject Loss and asserted in the Underlying Lawsuit.

7.3 For all interest allowed by applicable law.

7.4 For attorney's fees and costs allowed by applicable statute and law.

7.5 For other and further relief as the Court deems just and equitable.

DATED this 8th day of August 2025.

LETHER LAW GROUP

/s/ Sam Colito
Sam Colito, WSBA #42529
/s/ Ellen McGraw
Ellen McGraw, WSBA #60240
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
scolito@letherlaw.com
emcgraw@letherlaw.com
*Counsel for James River Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF – 14
CAUSE NO.: 2:25-cv-1497

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544